UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT GLEN COLEMAN (#494656)   CIVIL ACTION NO.

VERSUS   19-395-JWD-SDJ

JAMES LeBLANC, ET AL.

**OPINION**

Before the Court are a Motion for Summary Judgment[1] filed by Defendant Curtis Greene and a Motion for Disposition Hearing[2] filed by Plaintiff, Robert Glen Coleman. This case involves a claim of failure to protect arising from an incident wherein Coleman was stabbed by another inmate on January 26, 2018.[3]

A Report and Recommendation was previously issued by the Magistrate Judge recommending granting the Motion for Summary Judgment filed by Greene; dismissing, *sua sponte*, Marcus Pickens and Robert Beverly; and denying the Motion for Disposition Hearing filed by Coleman.[4] Coleman filed an objection noting that he had never received a copy of the Motion for Summary Judgment.[5] In light thereof, the undersigned declined to adopt the Report and Recommendation of the Magistrate Judge in order to give Coleman an opportunity to oppose the Motion for Summary Judgment.[6]

Thereafter, Coleman requested that this Court consider the argument filed in objection to the report and recommendation as Coleman's opposition to the Motion for Summary Judgment;[7] the Court granted this request and noted that the "Traverse to the Magistrates Judge Report and

---

[1] R. Doc. 31.
[2] R. Doc. 30.
[3] *See* R. Doc. 1.
[4] R. Doc. 32.
[5] R. Doc. 33.
[6] R. Doc. 36.
[7] R. Doc. 40.

Recommendation of October 8, 2021" would be considered as Coleman's opposition to the Motion for Summary Judgment.[8]

The Court has now reviewed the record in full and finds that Coleman has entirely failed to support his Opposition to the Motion for Summary Judgment with any competent summary judgment evidence.[9] Because no competent summary judgment evidence has been provided by Coleman, the reasoning in the Report and Recommendation issued previously stands. The Report and Recommendation importantly noted as follows:

> Greene, however, has put forth evidence that when he saw the other inmate, Williams, attacking Coleman, Greene was alone.[10] Williams was using a seven-and-a-half-inch homemade knife in the attack.[11] Evidence indicates Greene immediately called for backup and gave multiple verbal commands for Williams to stop assaulting Coleman; Williams did, in fact, comply with Greene's verbal orders to stop; and as soon as backup arrived, officers entered the area to disarm Williams and provide aid to Coleman.[12] Greene determined he could not enter the area of the altercation or release Coleman through the gate without threatening all involved, as well as the institution generally.[13] Under these circumstances, this Court cannot find that the Eighth Amendment was violated, as the evidence justifies Greene's decision to not intervene until backup arrived.[14] Greene made a judgment call that the safest course of action for all involved was to intervene with verbal commands and wait for backup to arrive prior to opening the gate because, once the slow moving gate was opened, he would have had no way to contain the inmates

---

[8] R. Doc. 41.

[9] R. Docs. 33 & 33-1. Though Coleman has attached the first and second step responses to the grievance filed in relation to this case, these documents do nothing to support Coleman's version of events or to refute the competent summary judgment evidence provided by Greene.

[10] R. Doc. 31-5. The affidavit submitted by Greene indicates he was alone when he noticed the attack. Other documents seem to indicate that Pickens may have been close by, but it is unclear where Pickens was in relation to Greene and the incident. *See* R. Doc. 31-6. Even if Pickens was with Greene, considering that Williams was armed with a seven-and-a-half inch knife (R. Doc. 31-6, pp. 15, 29-31), they did not breach any constitutional duty by failing to physically intervene when doing so would have endangered their own safety and potentially the safety of the institution. *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006). *See also Graves v. Webb*, No. 07-361, 2008 WL 1782635, at *4-5 (S.D. Tex. April 17, 2008) (the Eighth amendment does not require guards to intervene immediately instead of leaving and returning with reinforcements).

[11] R. Doc. 31-6, pp. 15, 29-31.

[12] R. Doc. 31-5.

[13] R. Doc. 31-5.

[14] *Walker v. Corrections Corp. of America*, No. 05-477, 2007 WL 2228372 at *4 (W.D. La. April 19, 2007) ("a correctional officer's failure to intervene in an inmate fight does not constitute an Eighth Amendment violation if there is evidence justifying the correctional officer's failure to intervene, such as when intervention would threaten the health and safety of all concerned.").

engaged in the alteration.[15] Accordingly, Coleman's claims against Greene are subject to dismissal.[16]

At the time of the Report and Recommendation, Coleman had not put forth any competent summary judgment evidence to refute the above evidence put forth by Greene. That remains unchanged now, after Coleman was given an opportunity to properly oppose the Motion for Summary Judgment.

Because Coleman has still failed to put forth any competent summary judgment evidence to refute the evidence provided by Greene, summary judgment is proper for the reasons previously noted in the Magistrate Judge's Report and Recommendation.[17] Additionally, the *sua sponte* dismissal of Marcus Pickens and Robert Beverly remains proper for the reasons noted in the Report and Recommendation: specifically, the uncontroverted evidence demonstrates that Pickens and Beverly were not present when the attack occurred and, thus, cannot be liable for a failure to intervene.[18] Accordingly,

**IT IS ORDERED** that the Motion for Disposition Hearing[19] filed by Robert Glen Coleman is hereby **DENIED**; the Motion for Summary Judgment[20] filed by Curtis Greene is **GRANTED**; Coleman's claims against Greene are hereby **DISMISSED WITH PREJUDICE**; and Coleman's claims against Robert Beverly and Marcus Pickens are hereby **DISMISSED WITH PREJUDICE** *sua sponte*.

---

[15] R. Doc. 31-5.
[16] *See Hopkins v. Brown*, No. 19-118, 2021 WL 3356369, at *3 (E.D. Tex. June 14, 2021) *report and recommendation adopted*, No. 19-118, 2021 WL 3288089 (E.D. Tex. Aug. 2, 2021) (failure to intervene not found where intervening would have endangered the safety of the officer in question because the inmates involved in the altercation were armed with a cane and a knife).
[17] *See* R. Doc. 32.
[18] The Report and Recommendation provided notice to Coleman that the claims against Pickens and Beverly may be dismissed, but Coleman failed to adequately respond to remedy the defects noted in the Report and Recommendation.
[19] R. Doc. 30.
[20] R. Doc. 31.

**IT IS FURTHER ORDERED** that the Motion and Order Request for Leave of Court to File an Amended Complaint[21] and Motion to Petition the Court to Issue Subpoena to Defendants in their Proper Name[22] are **DENIED AS MOOT** because each of these motions merely seeks to correct the names of Robert Beverly and Marcus Pickens to have the correct individuals served, and neither motion contains any evidence or argument that affects the dismissal of all claims as stated above.

Signed in Baton Rouge, Louisiana, on February 10, 2022.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] R. Doc. 34.
[22] R. Doc. 35. The Court also notes that although these Defendants were named incorrectly, the proper individuals were served in Pickens and Beverly were served in October and December 2020, respectively. R. Docs. 28 & 29.